## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **MICHELLE CLARK**,<br>10400 Falling Leaf Court<br>Springdale, MD 20774,<br><br>   Plaintiff,<br><br> **v.**<br><br>**SONNY PERDUE**, Secretary of<br>Agriculture, in his official capacity, and<br>**WINONA LAKE SCOTT**, Acting Deputy<br>Assistant Secretary for Civil Rights, in her<br>official capacity,<br>1400 Independence Avenue, SW<br>Washington, DC 20250,<br><br>   Defendants. | Case No. 1:19-cv-394 |

## COMPLAINT

1. This suit seeks to put an end to the U.S. Department of Agriculture's ("USDA's") unlawful failure to act and unreasonable delay with respect to investigating and notifying Plaintiff Michelle Clark with written findings of fact and law in response to her properly filed administrative complaint alleging violations of Section 508 of the Rehabilitation Act of 1973 ("Section 508"), 29 U.S.C. § 794d.

2. Section 508 is a part of the Rehabilitation Act of 1973 that requires that electronic and information technology developed, procured, maintained, or used by federal departments, agencies, and the post office be accessible to members of the public and federal employees with disabilities. 29 U.S.C. § 794d(a)(1)(A). Congress originally added Section 508 to the Rehabilitation Act in 1986, then amended it through the Workforce Investment Act of 1998 in order to significantly expand and strengthen its technology

access requirements. Pub. L. 99–506; Pub. L. 105–220.

3. Congress requires federal agencies to use the same administrative complaint procedures they use to implement Section 504 of the Rehabilitation Act to investigate Section 508 complaints, with no discretion to avoid or delay such investigations. These procedures require USDA to investigate and notify complainants in writing with specified, detailed findings of fact and law within 180 days.

4. Ms. Clark filed a formal administrative complaint alleging violations of Section 508 on January 8, 2015, following the USDA's prescribed regulations for Section 504 complaints. Rather than accept the complaint and complete the required investigation and notification, USDA referred it out to multiple, extraneous, conflicting complaint processes, directing and re-directing Ms. Clark without ever providing her a substantive, written response to her administrative complaint. In the more than fourteen-hundred days that have elapsed since Ms. Clark sought investigation of the accessibility of USDA's electronic and information technology, USDA has not undertaken the investigation or produced the report that its own regulations required within one-hundred and eighty days. It continued not to provide the required report even after Ms. Clark again wrote, seeking it, in July of 2018.

5. Ms. Clark seeks an order declaring USDA's actions unlawful, requiring it to send her the written investigation report notification mandated in response to her Section 508 complaint, and requiring it to set aside any past responses inconsistent with the procedure required by law. She also seeks reasonable attorneys' fees and costs and other appropriate relief as determined to be necessary by this court.

**PARTIES**

6. Plaintiff Michelle Clark is a resident of Springdale, Maryland.

7. Ms. Clark is blind and is thus an individual with a disability as defined by Section 7 of the

Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

8. Ms. Clark is employed full time in the District of Columbia as an IT Specialist and Section 508 Coordinator for the National Resources Conservation Service.

9. The National Resources Conservation Service is a division of USDA, and has its headquarters and principal place of business in Washington, D.C.

10. Defendant USDA is an executive agency of the United States Government and has its headquarters and principal place of business in Washington, D.C.

11. Defendant Sonny Perdue is the current U.S. Secretary of Agriculture and is sued in his official capacity.

12. As the U.S. Secretary of Agriculture, Mr. Perdue is responsible for the administration of USDA in accordance with law, including compliance with the administrative requirements of the Rehabilitation Act.

13. Defendant Winona Lake Scott is the USDA's Acting Deputy Assistant Secretary for Civil Rights and is sued in her official capacity.

14. As the Acting Deputy Assistant Secretary for Civil Rights, Ms. Scott is responsible for the administration of Office of the Assistant Secretary for Civil Rights (OASCR), in accordance with law, including mandating procedures for the handling and processing of complaints alleging violations of the Rehabilitation Act.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 5 U.S.C. § 702 and 28 U.S.C. §§ 1331 and 2201.

16. This Court has authority to issue declaratory relief pursuant to 28 U.S.C. § 2201.

17. Venue in this Court is proper pursuant to 5 U.S.C. § 703 and 28 U.S.C. §1391(b) because Defendant USDA has its headquarters in this district, because Defendants do

business in this district, and because the events or omissions complained of occurred in this district.

## BACKGROUND AND FACTS

### Administrative Procedures to Remedy Section 508 Violations

18. Section 508 requires Federal departments and agencies to apply the complaint procedures established to implement Section 504 of the Rehabilitation Act for resolving allegations of discrimination in a federally conducted program or activity to complaints alleging violations of Section 508. 29 U.S.C § 794d(f)(2).

19. Pursuant to the USDA's Section 504 procedures, complaints should be filed with OASCR, who will investigate and make final determinations as to the merits of and corrective actions required to resolve those complaints, processing them under 17 CFR part 15e if the complaints are disability-related. 7 C.F.R. §§ 15D.5(b)-(c); 7 C.F.R. § 15E.170(d).

20. USDA must investigate all complaints for which it has jurisdiction. 7 C.F.R. 15e.170(d).

21. USDA has jurisdiction for administrative complaints alleging violations of Section 508 by USDA. 29 U.S.C. § 794d(f)(2).

22. Within 180 days of receiving a complaint, USDA must complete its investigation of the complaint and notify the complainant of the results of its investigation. 7 C.F.R. § 15e.170(g).

23. That notification must be in the form of a letter containing findings of fact and conclusions of law, a description of a remedy for each violation found, and a notice of the right to appeal. 7 C.F.R. 15e.170(g).

### Plaintiff's Experience

24. On January 8, 2015, Plaintiff Michelle Clark timely filed a complete complaint with

OASCR alleging violations of Section 508 by USDA, as prescribed by 29 U.S.C. §
794d(f)(2) and 7 C.F.R. § 15d.5; *See also* 7 CFR § 15e.103 (defining "complete
complaint").

25. OASCR did not accept and investigate the complete complaint that it received from Ms.
Clark.

26. Instead, by letter dated February 24, 2015, OASCR directed Plaintiff to contact USDA's
National Resources Conservation Service Civil Rights Office to handle the matter as an
employment-related complaint.

27. Despite Plaintiff's belief that OASCR was mistaken in directing her to contact the
National Resources Conservation Service, she re-submitted her complaint as directed, by
letter dated March 3, 2015.

28. By letter received on March 23, 2015, the National Resources Conservation Service
rejected jurisdiction and returned the complaint to OASCR for it to process through the
Office of the Chief Information Officer.

29. By letter to OASCR dated July 20, 2018, Plaintiff demanded that, within twenty-one
days, USDA provide the long-overdue required notice of the results of its required
investigation.

30. By letter dated September 13, 2018, instead of providing the required and requested
notice in response to her prior complaint, OASCR instead directed Plaintiff to contact
the USDA's Office of the Chief Information Officer directly to file a complaint or discuss
her concerns.

31. By so directing Plaintiff, OASCR indicated that it would take no further action on her
existing complaint.

32. More than 1,400 days have elapsed since Ms. Clark filed her administrative complaint
with OASCR.

33. To date, Ms. Clark has received no notice that USDA has commenced, is in the process of, or has concluded an investigation of her January 8, 2015 complaint.

34. To date, Ms. Clark has received no written notice of the outcome of any investigation of the allegations in her January 8, 2015 complaint from any federal agency.

## CAUSES OF ACTION

### COUNT I: Violations of 5 USC Chapter 5, §§ 551, *et seq.*:

### Agency Action Unlawfully Withheld or Unreasonably Delayed (for Injunctive and Declaratory Relief)

35. Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

36. This Court is empowered by 5 U.S.C. §§ 702 and 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

37. This Court is empowered by 28 U.S.C. § 2201 to declare the rights of Plaintiff regarding the issues presented in this Complaint.

38. Section 508's statutory command to apply complaint procedures established under Section 504 eliminates any agency discretion to investigate Section 508 administrative complaints or to apply alternative procedures to that investigation.

39. USDA was obliged by Section 508 and its own regulations to accept and investigate Ms. Clark's complete complaint upon receiving it. 7 C.F.R. 15e.170(d).

40. USDA was obliged to notify Ms. Clark in a letter of the outcome of its investigation of her complaint within 180 days after receiving it. 7 C.F.R. 15e.170(g).

41. USDA has unlawfully withheld or unreasonably delayed these agency actions required in response to Ms. Clark's complaint.

42. Ms. Clark is entitled to a declaratory judgment that USDA must obey the statutory

mandate of Section 508 and apply the complaint procedures established to implement Section 504 when processing complaints alleging violations of Section 508, and that these include investigating and provide written notice in response to such complaints within 180 days, as specified by 7 C.F.R. 15e.170 §§ (d) and (g).

43. Ms. Clark is entitled to an Order requiring USDA and the officials named in this Complaint to act by applying those complaint procedures to her administrative complaint and provide the investigation and notice specified by 7 C.F.R. 15e.170.

## COUNT II: Violations of 5 USC Chapter 5, §§ 551, *et seq.*: Agency Action Without Procedure Required by Law (for Injunctive and Declaratory Relief)

44. Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

45. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(d) to hold unlawful and set aside agency action found to be without observance of procedure required by law. "Agency action" includes the whole or a part of agency relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

46. This Court is empowered by 28 U.S.C. § 2201 to declare the rights of Plaintiff regarding the issues presented in this Complaint.

47. Section 508 requires USDA to apply the complaint procedures established by USDA under Section 504. 29 U.S.C. §§ 794d(f)(2).

48. Those procedures required USDA to investigate Ms. Clark's complaint and report on the results of that investigation with findings of fact and law and notification of appeal rights within 180 days. 7 C.F.R. §§ 15e.170(d) & (g). USDA has failed to do so.

49. USDA's failure to investigate and notify Plaintiff in response to her complaint as required under procedures established to implement Section 504 constitutes agency action without

observance of procedure required by law.

50. Ms. Clark is entitled to an order holding unlawful and setting aside USDA's agency action with respect to her complaint filed January 8, 2015 and requiring it to follow the procedures for processing the complaint required by Section 508.

51. Ms. Clark is entitled to an Order requiring USDA and the officials named in this Complaint to apply those complaint procedures to her administrative complaint.

WHEREFORE, Plaintiff Michelle Clark respectfully requests relief from this honorable Court as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

52. Enter a judgment in her favor, and against Defendants;

53. Declare that Defendants' unlawfully withheld and unreasonably delayed the investigation of Ms. Clark's administrative complaint, in violation of the Administrative Procedure Act;

54. Declare that Defendants' actions with respect to Ms. Clark's administrative complaint were without observance of procedures required by law, in violation of the Administrative Procedure Act;

55. Vacate and set aside USDA's unlawful refusal to investigate Ms. Clark's complaint as required by law; pursuant to 5 U.S.C. § 702;

56. Preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, to apply the complaint procedures established in 7 C.F.R. §§ 15d.5 and 15e.170 to complaints alleging violations of Section 508, including to Ms. Clark's complaint;

57. Award Plaintiff her reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 2412; and

58. Order such other and further relief that this Court may deem just and proper.

DATED: February 14, 2019                                   Respectfully submitted,

                                                          */s/ Albert Elia*
                                                          _____

                                                          Albert Elia (aelia@trelegal.com)
                                                          D.C. Bar No. 1032028

                                                          TRE Legal Practice
                                                          1155 Market Street, 10th Floor
                                                          San Francisco, CA 94103
                                                          (415) 873-9199

                                                          *Attorneys for Plaintiff Michelle Clark*

COMPLAINT [CASE NO. 1:19-CV-394]