UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>SONNY PERDUE, *et al.*,<br><br>Defendants. | Civil Action No. 19-394 (JEB) |

## MEMORANDUM OPINION

Plaintiff Michelle Clark, who is blind, has been trying — for over four years — to get the Department of Agriculture to resolve her administrative complaint related to the accessibility of electronic and information technology (EIT). Rather than complete its investigation by the 180-day regulatory deadline, USDA spent over 1,400 days bouncing Plaintiff's complaint around to several offices. Understandably frustrated, Clark filed this suit, seeking an order declaring the agency's actions unlawful and requiring it to complete the necessary inquiry. Defendants have now moved for a remand so that the agency can finally address her complaint. Plaintiff, however, opposes that course entirely; in the alternative, she requests the Court to impose certain restrictions on the remand, including an exceedingly accelerated timetable. While the Court is sympathetic to Plaintiff's frustration flowing from the agency's handling of her complaint, it ultimately agrees with Defendants that a remand is proper here along the lines USDA proposes and will, accordingly, grant the Motion.

I.  **Background**

Plaintiff is employed full time in the District of Columbia at the Natural Resources Conservation Service, which is a division of USDA. See ECF No. 1 (Complaint), ¶¶ 8–9. She

1

"is blind and is thus an individual with a disability" as defined by the Rehabilitation Act. Id., ¶ 7. On January 8, 2015, she filed a formal administrative complaint alleging violations of Section 508 of that Act. Id., ¶ 4. Specifically, she believed that USDA used several inaccessible software programs that were not compliant with Section 508. See ECF No. 9 (Plaintiff's Opposition), Attach. 2 (Declaration of Anna Levine), Exh. 1 (Administrative Complaint) at 1.

Section 508 requires, in relevant part, that every federal agency ensure that EIT that it develops, procures, maintains, or uses is accessible to "individuals with disabilities who are Federal employees." 29 U.S.C. § 794d(a)(1)(A)(i). Section 504 of the Act outlines complaint procedures that apply to resolve allegations of discrimination under Section 508. Id. § 794d(f)(2). USDA regulations implementing Section 504 direct that those complaints should be filed with the Office of the Assistant Secretary for Civil Rights (OASCR) to investigate and to make a final determination as to the merits and any necessary corrective action. See 7 C.F.R. § 15d.5(b). Specifically, OASCR has 180 days after receiving the complaint to ensure that the complainant is notified by letter of the results of the investigation and the remedy for any violations found. See 7 C.F.R. §§ 15d.5(c), 15e.170(g).

The process Clark went through, however, did not much resemble the one laid out by the statute and regulations. In response to the complaint she filed, OASCR sent her a letter on February 24, 2015, directing her to contact USDA's Natural Resources Conservation Civil Rights Office. See Compl., ¶ 26. Plaintiff, accordingly, "re-submitted her complaint as directed, by letter dated March 3, 2015." Id., ¶ 27. By a missive she received on March 23, 2015, the Natural Resources Conservation Service rejected jurisdiction over Clark's complaint and returned it to OASCR. Id., ¶ 28. Plaintiff then waited for OASCR to act for over three years. On July 20, 2018, she wrote a letter to OASCR demanding that the agency notify her of the

results of its investigation within 21 days. Id., ¶ 29. OASCR responded by letter on September 13, directing her to contact instead USDA's Office of the Chief Information Officer "directly to file a complaint or discuss her concerns." Id., ¶ 30. To date, Plaintiff has still received no notice as to USDA's commencing, processing, or concluding an investigation. Id., ¶ 33.

Throwing up her hands, Clark understandably filed this suit on February 14, 2019. She "seeks an order declaring USDA's actions unlawful, requiring it to send her the written investigation report notification mandated in response to her Section 508 complaint, and requiring it to set aside any past responses inconsistent with the procedure required by law," including its "unlawful refusal to investigate [her] complaint." Id., ¶¶ 5, 55. Perhaps realizing it has been derelict in its duties, the Government now moves for a voluntary remand to the agency to allow it to complete the investigation and for a stay of this case. See ECF No. 8 (Defendants' Motion for Voluntary Remand and Stay) at 1–2. Plaintiff opposes such a remand and believes that the Court should instead deny the Motion and direct Defendants to respond to the Complaint within fourteen days. See Pl. Opp. at 11 & Attach. 3 (First Proposed Order). In the alternative, should the Court decide a remand is proper, Clark requests that it deny the stay, "vacate Defendants' prior unlawful decisions" in not accepting and timely addressing her complaint, and remand to USDA with specific instructions — including that OASCR must accept the complaint and complete an investigation within thirty days. See Pl. Opp. at 11 & Attach. 4 (Alternate Proposed Order). In its Reply, as discussed below in detail, USDA offers some particulars on how it agrees to proceed on remand. See ECF No. 10 (Defendants' Reply).

**II.    Legal Standard**

Courts "have broad discretion to grant or deny an agency's motion to remand." Util. Solid Waste Activities Grp. v. EPA, 901 F.3d 414, 436 (D.C. Cir. 2018). They "generally grant

3

an agency's motion to remand so long as the agency intends to take further action with respect to the original agency decision on review." Id. (internal quotation marks and citation omitted). Remand "allow[s] 'agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" Id. (quoting Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993)). An agency may also "request a remand (without confessing error) in order to reconsider its previous position." Id. (quoting SKF USA Inc. v. United States, 254 F.3d 1022, 1029 (Fed. Cir. 2001)).

"In deciding a motion to remand," a court "consider[s] whether remand would unduly prejudice the non-moving party." Id. And, "if the agency's request appears to be frivolous or made in bad faith, it is appropriate to deny remand." Id.

### III. Analysis

Plaintiff opposes the agency's request for a remand on the grounds that USDA has not been clear enough about the process it will use to address her complaint; that a remand will waste judicial resources given the parties' disagreement about the proper procedures; that it will not cure the defects she is challenging because her dispute is not about the substantive disposition of her complaint but rather about the agency's arbitrary and capricious failure to treat her complaint with the legally proper process; and that it would chill her exercise of her civil rights. See Pl. Opp. at 2, 6–10. These rationales notwithstanding, however, there does not appear to be much daylight — as a practical matter — between the parties' positions. To explain why, the Court addresses in turn each of Clark's arguments opposing a voluntary remand. Doing so reveals why a remand is proper insofar as it would conserve resources without unduly prejudicing her. See Util. Solid Waste, 901 F.3d at 436.

4

Plaintiff's first two points can be grouped.  She maintains, essentially, that the parties still have a lingering disagreement about the proper procedure for the agency to apply to her complaint, and, as a result, a remand will protract litigation and expend, rather than conserve, resources.  In its Reply brief and attached declaration, however, USDA has averred that OASCR will accept Plaintiff's 2015 complaint within 7 days of a remand and will issue a letter to Clark to that effect.  See Def. Reply at 2–3 & Attach. 1 (Declaration of Winona Lake Scott), ¶ 8.  The agency has also committed to completing the investigation within the 180-day timeframe contemplated by the statute.  Id.  In light of these promises to process Clark's complaint according to what is, in her view, the lawful procedure, see Compl., ¶¶ 5, 56; see also Pl. Opp. at 11, it is not clear what beef she would retain on this question.  Given the lack of dispute, it is more likely that a remand now would conserve, rather than waste, the parties' and judicial resources.

Clark next contends that a remand will not cure the defects she challenges in this suit because she is not contesting the substantive resolution of her complaint — which would be disposed of on remand — but the agency's failure to treat her complaint by way of the proper procedures.  See Pl. Opp. at 7; see also ECF 11 (Plaintiff's Surreply) at 1 ("Plaintiff's claims for relief in this current action are not about the substantive outcome of her administrative complaint"; "[r]ather, Plaintiff seeks to have the court find that . . . [OASCR] . . . must accept responsibility for Section 508 complaints it receives, and that the 180-day deadline for doing so is mandatory and enforceable.").  Consonant with that understanding of her suit, she requests as relief that the Court "[v]acate and set aside USDA's unlawful refusal to investigate [her] complaint as required by law" and "[p]reliminarily and permanently enjoin Defendants . . . to apply the complaint procedures" described above.  See Compl., ¶¶ 55–56.  Here, however, it is

not clear what agency action Plaintiff believes the Court could set aside. More importantly, her distinction — that she challenges a procedural deficiency rather than a substantive disposition — does not retain its force at the remedial phase, where the typical redress for an agency's procedural deficiency would be to remand to that agency to have it decide the substance of the dispute in a procedurally proper manner. Here, the agency has agreed to do just that, see Scott Decl., ¶ 8, and it is entitled to a presumption — that is not rebutted here — that it will discharge its duties lawfully, regularly, and properly on remand. See CTIA-Wireless Ass'n v. FCC, 530 F.3d 984, 989 (D.C. Cir. 2008). In these circumstances, it seems that — *contra* Plaintiff's framing of the issue — she is getting all the relief she seeks and would not, on this score, be prejudiced by a remand.

In light of USDA's concrete commitments, the Court does not share Plaintiff's concern that the remand request is pretextual because the agency has no intent to revisit her complaint. See Pl. Opp. at 7; see also Pl. Surreply at 4 ("Defendants' request for judicial intervention to stay the case so that they can investigate and report appears to be pretext for an administrative review process that is infected by a lack of genuine will by Defendants to adhere to their disability rights obligations related to [EIT]."). Here it does have such an intent, though, as laid out clearly in the Scott Declaration.

Clark's reliance on Limnia, Inc. v. Department of Energy, 857 F.3d 379 (D.C. Cir. 2017), to support a contrary inference is unavailing. See Pl. Opp. at 7. There, the agency requested a voluntary remand but, rather than committing to addressing the original action on review, sought to require the petitioner to file a new administrative action. See Limnia, 857 F.3d at 381, 388. The Circuit rejected that request, reasoning that a voluntary remand is only proper when the agency intends to revisit the challenged action on review. Id. That case "illustrate[d] why that

principle can be important in practice" because, otherwise, granting a remand would be tantamount to "dismiss[al] on the merits." Id. at 387–88. Clark's case is different because the agency does intend to consider her 2015 complaint — its treatment of which is the administrative action on review here. She relatedly posits that the agency's voluntary acceptance of her complaint according to the procedures she believes proper is not an "acknowledge[ment] [of] the enforceable nature of the 180-day deadline for review." Pl. Surreply at 2. As Limnia itself explains, however, an agency need not admit error for a voluntary remand to be appropriate. See 857 F.3d at 387 ("That is not to say an agency need confess error or impropriety in order to obtain a voluntary remand."). And it is in any case unclear what additional relief she would derive from that acknowledgment.

There remains one last point of resistance to the remand request: Clark maintains that a remand will subject her to further delay and chill the exercise of her civil rights when she has already been forced to suffer unreasonable delay and resulting dignitary harm. See Pl. Opp. at 10. This contention carries weight here where she has indeed waited over seven times as long as the law contemplates to have USDA consider her claims. It seems clear that prejudice resulted from such a delay, and that further delay would result in further prejudice.

This point does not, however, ultimately render a remand improper. That is because even if the Court acted as Clark first requests in denying a remand and requiring the agency to answer her Complaint, see First Proposed Order, it would — assuming it sided with Plaintiff on the merits of her APA claim — ordinarily remand her complaint to the agency for disposition according to lawful procedures. Disposing of the Government's Motion exactly as Clark requests would not, therefore, necessarily result in less delay than granting the request. Indeed, it might well take more time — to adjudicate Clark's claims here and then remand for USDA to

substantively address her 2015 complaint according to the process that, even according to Plaintiff, would give the agency 180 days.

Clark points out that the Court could shorten that timeframe, and indeed she requests in the alternative that — if the Court does grant the Motion to remand — it impose a 30-day deadline for the agency to complete its investigation and issue her the letter summarizing its disposition. See Alternate Proposed Order. Although the Court can impose such a detailed remedial order, it is only proper to do so in extraordinary circumstances. See N.C. Fisheries Ass'n, Inc. v. Gutierrez, 550 F.3d 16, 20 (D.C. Cir. 2008) (reasoning that "normally" when courts "identif[y] an agency error," the proper course is to "remand to the agency for further proceedings," and "[o]nly in extraordinary circumstances do [they] issue detailed remedial orders"). And the Court finds it would, in any case, not be proper here. Clark's administrative complaint raises detailed and complicated issues. She challenges the accessibility of many of USDA's software programs. See Administrative Complaint at 1, 2–5. The agency cannot plausibly address her complaint in any thorough fashion and institute comprehensive remedial action in only 30 days. The Court, consequently, will not order it to do so.

Granting the Motion will not, therefore, unduly prejudice Plaintiff, see Util. Solid Waste, 901 F.3d at 436, nor will it result in unnecessary delay. Rather, it will both conserve resources and give USDA a chance to correct its error. The Court will, as a result, stay the case and remand to the agency to resolve Clark's 2015 administrative complaint. It will also, however, retain an active supervisory role and will require the status report the Government itself proposes to be filed by June 26, 2019. See Def. Mot., Attach. 1 (Proposed Order). In addition, it will require status reports every 45 days thereafter until the remand is complete within the 180-day timeframe to which the agency has committed. See Baystate Med. Ctr. v. Leavitt, 587 F. Supp.

2d 37, 41 (D.D.C. 2008) ("recogniz[ing] that [the court] has discretion to retain jurisdiction over a case pending completion of a remand and to order the filing of progress reports" and noting that "this discretion is typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline") (citing Cobell v. Norton, 240 F.3d 1081, 1109 (D.C. Cir. 2001)).

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion for a Voluntary Remand and to Stay this Case. A separate Order consistent with this Opinion will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: June 13, 2019