IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE CLARK**, <br><br> Plaintiff, <br><br> v. <br><br> **SONNY PERDUE**, Secretary of Agriculture, in his official capacity, and **WINONA LAKE SCOTT**, Acting Deputy Assistant Secretary for Civil Rights, in her official capacity, <br><br> Defendants. | Case No. 1:19-cv-00394-JEB |

**JOINT STATUS REPORT**

Pursuant to the Court's May 28, 2020 Minute Order, the parties respectfully submit this status report.

**A. Plaintiff's Position**

In this federal action, Ms. Clark has unresolved claims for: (1) the ineffective and non-compliant Section 508 administrative complaint process that is the subject of this case and (2) attorneys' fees for the work required to obtain the final agency decision that the Office of the Assistant Secretary for Civil Rights ("OASCR") of the United States Department of Agriculture ("USDA" or the "Agency") issued fully in her favor on December 10, 2019 (the "FAD"). The FAD directed Ms. Clark to file a claim for equitable relief and attorney's fees by February 8, 2020. Pursuant to Agency regulations, the deadline to appeal the FAD was March 16, 2020. *See* 7 C.F.R. § 15E.170(h) ("Appeals of the findings of fact and conclusions of law or remedies must be filed by the complainant within 90 days of receipt from the agency of the letter required by § 15e.170(g). The agency may extend this time for good cause.")

Ms. Clark followed the directions in the FAD and filed Complainant's Request for Equitable Relief on February 10, 2020. She filed Complainant's Request for Attorneys' Fees and Costs on the same date. These requests are presently before the Agency.

The Agency's rebuttal, if any, to these requests was due by March 11, 2020. Plaintiff wrote to Defendant on March 11, 2020 to request a copy of any rebuttal but received no response. Plaintiff also requested that the Agency extend the March 16, 2020 deadline to appeal the remedies ordered by the FAD pending the Agency's decision on her claim for equitable relief pursuant to the FAD but received no response. Plaintiff therefore filed an appeal of the remedies ordered by the FAD, requesting the additional relief prayed for in Complainant's Request for Equitable Relief, on March 16, 2020. Pursuant to 7 C.F.R. § 15E.170(j), the Agency has 60 days to decide the appeal.

On February 24, 2020, Plaintiff filed a Supplement to her Request for Attorneys' Fees and Costs with the Agency. On April 7, 2020, the Agency informed Plaintiff that it had received that supplement, that it would consider it along with her earlier Request for Equitable Relief and Attorneys' Fees, and that it would issue a Final Agency Decision (the "Second FAD") by June 5, 2020.

On June 9, 2020, Plaintiff wrote to Defendant to request an electronic courtesy copy of the Second FAD, but received no response. Plaintiff wrote to Defendant on June 24, 2020 to once again request an electronic copy of the Second FAD, as she had not yet received it by any means. The following day, defendant responded that the Second FAD was still pending, but that Defendant expected it to be signed off and cleared by July 25, 2020.

Plaintiff wrote to Defendant again on July 27, 2020 to request the Second FAD, only to be told that it has still not been signed off and cleared. Defendant has not provided a new date by which Plaintiff can expect to receive the Second FAD.

Plaintiff remains willing to discuss a comprehensive resolution with the Agency. To the extent that her claims remain unresolved through her pending Requests and Appeal or a

negotiated resolution, she will have no choice but to continue to pursue them through this action. The parties therefore ask that the Court order them to file another joint status report by October 1, 2020 so that they have time to review the forthcoming FAD and discuss any unresolved issues. If the parties are unable to resolve any such issues, Plaintiff will file an amended complaint promptly thereafter, reflecting the updated facts of the case and her outstanding claims.

### B. Defendants' Position

The agency has advised that it previously anticipated that it would issue a final agency decision ("FAD") on plaintiff's administrative petition for relief and attorney's fees on or before July 25, 2020. The agency has further advised that it was delayed in issuing the FAD because of the departure of its Deputy Assistant Secretary for Civil Rights and the limitations of remote access necessitated by the ongoing COVID-19 pandemic. The agency has advised that its Office of the Assistant Secretary for Civil Rights has communicated with plaintiff's counsel regarding the reasons for the delay and its intent to issue the FAD as quickly as possible. The agency has advised that it is currently waiting for the Executive Director of the Center for Civil Rights Enforcement to review and clear the FAD and then for the Deputy Associate Assistant Director for the Assistant Secretary of Civil Rights to provide final approval.

Dated: July 31, 2020

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | MICHAEL R. SHERWIN |
| /s/ Albert Elia | Acting United States Attorney |
| ALBERT ELIA (aelia@trelegal.com) |  |
| D.C. Bar No. 1032028 | DANIEL F. VAN HORN, D.C. Bar # 924092 |
| TRE Legal Practice | Chief, Civil Division |
| 4226 Castanos Street |  |
| Fremont, CA 94536 | By: /s/ Marsha W. Yee |
|  | MARSHA W. YEE |
| *Counsel for Plaintiff* | Assistant United States Attorney |
|  | Civil Division |
|  | United States Attorney's Office |
|  | 555 4th Street, N.W. |
|  | Washington, D.C. 20530 |
|  | Telephone:   (202) 252-2539 |
|  | Email:   Marsha.Yee@usdoj.gov |
|  |  |
|  | *Counsel for Defendants* |