IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHELLE CLARK**,<br>10400 Falling Leaf Court<br>Springdale, MD 20774,<br><br>         Plaintiff,<br><br>     v.<br><br>**SONNY PERDUE**, Secretary of Agriculture, in his official capacity, **DEVON WESTHILL**, United States Department of Agriculture, Deputy Assistant Secretary for Civil Rights, in his official capacity, and **GARY WASHINGTON**, United States Department of Agriculture, Chief Information Officer, in his official capacity,<br>1400 Independence Avenue, SW<br>Washington, DC 20250,<br><br>         Defendants. | Case No. 1:19-cv-00394-JEB |

## AMENDED COMPLAINT

1.    This suit seeks to resolve the U.S. Department of Agriculture's ("USDA's") admitted violations of Section 508 of the Rehabilitation Act of 1973, 29 U.S.C. § 794d ("Section 508"). Notwithstanding a Final Agency Decision acknowledging violations and years of delay, the USDA still unlawfully fails to act and unreasonably delays remedying the undisputed violations.

2.    Section 508 is a part of the Rehabilitation Act of 1973 that requires that electronic and information technology developed, procured, maintained, or used by federal departments, agencies, and the post office be accessible to members of the public and federal employees with disabilities. 29 U.S.C. § 794d(a)(1)(A). Congress originally added Section 508 to the Rehabilitation Act in 1986, then amended it through the Workforce Investment Act of 1998 in order to significantly expand and strengthen its technology access requirements. Pub. L. 99–506; Pub. L. 105–220.

3. Ms. Clark filed a formal administrative complaint alleging violations of Section 508 on January 8, 2015, following USDA's prescribed regulations for Section 504 complaints. Rather than accept the complaint and complete the required investigation and notification, USDA referred it out to multiple, extraneous, conflicting complaint processes, directing and re-directing Ms. Clark without ever providing her a substantive, written response to her administrative complaint.

4. Only after Ms. Clark filed this civil action in February 2019—more than four years later—did USDA pay any attention to her administrative complaint, seeking a remand to properly process it.

5. Over the course of nearly six years, USDA has violated every self-imposed and regulatory deadline for action on Ms. Clark's discrimination complaint. It has failed to meet self-imposed and regulatory deadlines to respond to Ms. Clark's 2020 administrative filings. It has failed to meet self-imposed deadlines to provide relief for violations of Section 508 that it recognized after investigating and reporting upon Ms. Clark's administrative complaint. The only deadline that USDA has met since Ms. Clark filed her administrative complaint in 2015 is the 180-day deadline to investigate and report upon Ms. Clark's administrative complaint that this Court ordered upon remand in 2019.

6. Ms. Clark has met every deadline required by USDA or by law. Nonetheless, she still cannot independently use any of the electronic and information technology systems that she needs for work, and that she complained of to USDA six years ago.

7. Ms. Clark seeks a declaration that USDA's actions are and were unlawful, and an order requiring it to immediately implement the overdue relief it promised in its December 10, 2019 Final Agency Decision as well as the additional relief to actually fix the technology that Ms. Clark requested and to which USDA agrees she is entitled. Ms. Clark also seeks reasonable attorneys' fees and costs, including review of USDA's administrative determination on her entitlement to partial fees in the administrative process, as well as other appropriate relief as determined to be necessary by this court.

## PARTIES

8. Plaintiff Michelle Clark is a resident of Springdale, Maryland.

9. Ms. Clark is blind and is thus an individual with a disability as defined by Section 7 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

10. Ms. Clark is employed full time in the District of Columbia as an IT Specialist on the Section 508 team in the USDA's Farm Production and Conservation ("FPAC") business center.

11. From her initial hiring by USDA in 2011 through fall 2018, Ms. Clark worked as an IT Specialist and Section 508 Coordinator for the National Resources Conservation Service ("NRCS"), another division of USDA.

12. Defendant USDA is an executive agency of the United States Government and has its headquarters and principal place of business in Washington, D.C.

13. Defendant Sonny Perdue is the current U.S. Secretary of Agriculture and is sued in his official capacity.

14. As the U.S. Secretary of Agriculture, Mr. Perdue is responsible for the administration of USDA in accordance with law, including compliance with the administrative requirements of the Rehabilitation Act.

15. Defendant Devon Westhill is USDA's Deputy Assistant Secretary for Civil Rights and is sued in his official capacity.

16. As the Deputy Assistant Secretary for Civil Rights, Mr. Westhill is responsible for the administration of the Office of the Assistant Secretary for Civil Rights (OASCR), in accordance with law, including mandating procedures for the handling and processing of complaints alleging violations of the Rehabilitation Act.

17. Defendant Gary Washington is USDA's Chief Information Officer and is sued in his official capacity.

18. As the Chief Information Officer, Mr. Washington is responsible for the administration of the Office of the Chief Information Officer (OCIO), in accordance with law, including ensuring that information and communication technology ("ICT") developed, procured, maintained, or used by USDA is Section 508 compliant.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this matter pursuant to 5 U.S.C. § 702, 29 U.S.C. § 794d(f)(3), and 28 U.S.C. §§ 1331 and 2201.

20. This Court has authority to issue declaratory relief pursuant to 28 U.S.C. § 2201.

21. Venue in this Court is proper pursuant to 5 U.S.C. § 703 and 28 U.S.C. §1391(b) because Defendant USDA has its headquarters in this district, because Defendants do business in this district, and because the events or omissions complained of occurred in this district.

## BACKGROUND AND FACTS

### Administrative Procedures to Remedy Section 508 Violations

22. Section 508 requires Federal departments and agencies to apply the complaint procedures established to implement Section 504 of the Rehabilitation Act for resolving allegations of discrimination in a federally conducted program or activity to complaints alleging violations of Section 508. 29 U.S.C § 794d(f)(2).

23. Pursuant to USDA's Section 504 procedures, complaints should be filed with OASCR, who will investigate and make final determinations as to the merits of and corrective actions required to resolve those complaints, processing them under 17 CFR part 15e if the complaints are disability-related. 7 C.F.R. §§ 15D.5(b)-(c); 7 C.F.R. § 15E.170(d).

24. USDA must investigate all complaints for which it has jurisdiction. 7 C.F.R. 15e.170(d).

25. USDA has jurisdiction for administrative complaints alleging violations of Section 508 by USDA. 29 U.S.C. § 794d(f)(2).

26. Within 180 days of receiving a complaint, USDA must complete its investigation of the complaint and notify the complainant of the results of its investigation. 7 C.F.R. § 15e.170(g).

27. That notification must be in the form of a letter containing findings of fact and conclusions of law, a description of a remedy for each violation found, and a notice of the right to appeal. 7 C.F.R. 15e.170(g).

### Plaintiff's Experience

28. On January 8, 2015, Plaintiff Michelle Clark timely filed a complete complaint with OASCR alleging violations of Section 508 by USDA, as prescribed by 29 U.S.C. § 794d(f)(2)

and 7 C.F.R. § 15d.5; See also 7 CFR § 15e.103 (defining "complete complaint").  Specifically, Ms. Clark's complaint notified USDA that several of its major software systems—AgLearn, Sharepoint, and its then-in-use timekeeping system—contained a variety of examples of non-compliance with well-established accessibility standards that prevented her from using her screen reader software with the systems on an equal and independent basis.

29. OASCR did not accept and investigate the complete complaint that it received from Ms. Clark.

30. Instead, by letter dated February 24, 2015, OASCR directed Plaintiff to contact USDA's National Resources Conservation Service Civil Rights Office to handle the matter as an employment-related complaint.

31. Despite Plaintiff's belief that OASCR was mistaken in directing her to contact the National Resources Conservation Service, she re-submitted her complaint as directed, by letter dated March 3, 2015.

32. By letter received on March 23, 2015, the National Resources Conservation Service rejected jurisdiction and returned the complaint to OASCR for it to process through the Office of the Chief Information Officer.

33. By letter to OASCR dated July 20, 2018, Plaintiff demanded that, within twenty-one days, USDA provide the long-overdue required notice of the results of its required investigation.

34. By letter dated September 13, 2018, instead of providing the required and requested notice in response to her prior complaint, OASCR instead directed Plaintiff to contact USDA's Office of the Chief Information Officer directly to file a complaint or discuss her concerns.

35. By so directing Plaintiff, OASCR indicated that it would take no further action on her existing complaint.

36. On February 14, 2019, Ms. Clark filed this federal action seeking redress for USDA's violation of the law and its administrative procedures.

37. On June 13, 2019, the court stayed this action pending a remand to USDA, and ordered USDA to accept, process, and report upon Ms. Clark's administrative complaint within 180 days.

38. One hundred and eighty days later, on December 10, 2019, USDA issued a Final Agency Decision (the "FAD").

39. The FAD stated that the four specific systems Ms. Clark complained of—AgLearn, Sharepoint, WebTA (the current timekeeping system) that replaced the one in use in 2015, and Confluence—were subject to and non-compliant with the requirements of Section 508.

40. With respect to Confluence, the FAD noted that it could be made accessible through procurement of a plug-in tool available from the vendor, "but there has not been action to procure it."

41. The FAD noted that the agency presented "no evidence ... that enforcement of the Section 508 standards to the named software would cause ... an undue burden or fundamental alteration" in the nature of the ICT, and stated that "[t]herefore, the Agency has failed to set forth an affirmative defense regarding its noncompliance with Section 508."

42. The FAD found that the "alternatives to the identified ICT" that the agency provided to Ms. Clark "do not demonstrate effective access."

43. The FAD concluded that Ms. Clark "ha[d] been denied comparable access to the identified software," and "ha[d] proven a Section 508 violation."

44. In ordering relief, the FAD "determined that OCIO officials violated 7 C.F.R. 15e and Section 508 of the Rehabilitation Act of 1973, as it relates to ensuring the accessibility of procured software."

45. The FAD ordered, inter alia, a compliance review of USDA ICT to be completed by June 7, 2020.

46. It also ordered "procur[ement] and implement[ation] of the plug-in solution for Confluence" by June 7, 2020.

47. Finally, the FAD provided for Ms. Clark to submit a request for equitable relief and attorney fees within sixty days of its receipt and provided the Agency thirty days for a rebuttal.

48. Ms. Clark received the FAD by certified mail on December 16, 2019.

49. On January 15, 2020, Ms. Clark wrote to the Agency seeking a comprehensive resolution of her remaining federal and administrative claims.

50. She included her requested equitable relief and a summary of her incurred attorney fees and requested an extension to the deadline to submit a full fee petition, in order to avoid incurring fees on fees, if the agency were willing to discuss a comprehensive resolution.

51. On January 29, 2020, the Agency told Ms. Clark and the court that it "ha[d] identified an appropriate official to address a comprehensive resolution of this civil action and the administrative case," but it did not agree to toll the deadline for Ms. Clark's administrative fee petition. (J. Status Rep. 3, ECF No. 21.)

52. On February 10, 2020, Ms. Clark submitted her request for equitable relief and attorney fees ("Relief Request") to the Agency, notwithstanding her position that a decision on fees and costs was premature.

53. She requested that the identified ICT be made fully Section 508 compliant.

54. She requested procurement and implementation of the plug-in solution for Confluence on a more accelerated timeline than provided for by the FAD.

55. She requested that the other identified ICT be made Section 508 compliant by September 30, 2020.

56. She requested proof that the Agency had completed the relief ordered by the FAD and requested progress reports in the event that the Agency missed the deadlines imposed by the FAD.

57. She requested a finding that OASCR had violated the law in failing to properly process her 2015 complaint and policy changes to ensure the proper processing of complaints alleging violations of Section 508 by OASCR in the future.

58. Finally, she requested changes to and training of contract officers on policies and practices to ensure that any ICT found to be non-compliant would be replaced or remediated, at the vendor's expense, within ninety days of a determination that such ICT is non-compliant.

59. She included a detailed explanation of her need for such relief.

60. On February 27, 2020, the Agency wrote to Ms. Clark, stating that it was not, in fact, interested in a comprehensive resolution, but only in resolving the instant federal action.

61. The agency issued no rebuttal to Ms. Clark's request for equitable relief and attorney fees.

62. More than seven months later, on October 5, 2020, the Agency issued a Second Final Agency Decision ("Second FAD") on Ms. Clark's entitlement to attorney fees and equitable relief.

63. The Second FAD indicated that the equitable relief Ms. Clark requested was "targeted and consistent with the expansive nature of the relief ordered" in the FAD and was "designed to cure the numerous Section 508 violations identified in the FAD and work well with the corrective action and implementation dates by OCIO, which seem fair and reasonable."

64. However, as of November 4, 2020, well past the "fair and reasonable" implementation dates, none of the "targeted and consistent" equitable relief has been provided.

65. As of November 4, 2020, none of the identified ICT is Section 508 compliant and accessible to Ms. Clark—not even Confluence, which merely required OCIO to procure and install a plug-in.

66. The Second FAD contained no order with respect to equitable relief.

67. The Second FAD further erred in its analysis of Ms. Clark's entitlement to attorney fees.

68. USDA was not substantially justified in its failure to comply with Section 508 and its own Section 504 regulations, its delay in providing ordered relief, its failure to order additional relief, or its erroneous analysis with respect to Ms. Clark's entitlement to fees.

## CAUSES OF ACTION

**COUNT I: Violations of the Administrative Procedure Act ("APA"),
5 U.S.C. § 551 *et seq.*:
Agency Action Unlawfully Withheld or Unreasonably Delayed
(for Injunctive and Declaratory Relief)**

69. Plaintiff incorporates by reference all the allegations maintained in the previous paragraphs.

70. This Court is empowered by 5 U.S.C. §§ 702 and 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

71. This Court is empowered by 28 U.S.C. § 2201 to declare the rights of Plaintiff regarding the issues presented in this Complaint.

72. Section 508's statutory command to apply complaint procedures established under Section 504 eliminates any agency discretion to investigate Section 508 administrative complaints or to apply alternative procedures to that investigation.

73. USDA was obliged by Section 508 and its own regulations to accept and investigate Ms. Clark's complete complaint upon receiving it. 7 C.F.R. 15e.170(d).

74. USDA was obliged to notify Ms. Clark in a letter of the outcome of its investigation of her complaint within 180 days after receiving it. 7 C.F.R. 15e.170(g).

75. USDA unlawfully withheld or unreasonably delayed these agency actions required in response to Ms. Clark's complaint.

76. Given Ms. Clark's position and responsibilities, she will need to file administrative complaints regarding non-compliance with Section 508 in the future.

77. Ms. Clark is entitled to a declaratory judgment that USDA must obey the statutory mandate of Section 508 and apply the complaint procedures established to implement Section 504 when processing complaints alleging violations of Section 508, and that these include investigating and provide written notice in response to such complaints within 180 days, as specified by 7 C.F.R. 15e.170 §§ (d) and (g).

78. USDA was obliged to implement the relief in the FAD by June 7, 2020.

79. Ms. Clark is entitled to an Order requiring USDA and the officials named in this Complaint to act by implementing both the overdue relief ordered by the FAD and the additional equitable relief Ms. Clark seeks in her Relief Request.

### COUNT II: Violations of the APA, 5 U.S.C. § 551 *et seq.*: Unlawful Agency Action (for Injunctive and Declaratory Relief)

80. Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

81. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(a) to hold unlawful and set aside agency action, findings, or conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

82. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(c) to hold unlawful and set aside agency action, findings, or conclusions found to be short of statutory right.

83. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(d) to hold unlawful and set aside agency action, findings, or conclusions found to be without observance of procedure required by law.

84. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(e) to hold unlawful and set aside agency action, findings, or conclusions unsupported by substantial evidence reviewed on the record of an agency hearing provided by statute.

85. This Court is empowered by 5 U.S.C. §§ 702 and 706(2)(f) to hold unlawful and set aside agency action, findings, or conclusions unwarranted by facts.

86. "Agency action" includes the whole or a part of agency relief, or the equivalent or denial thereof, or failure to act. 5 U.S.C. § 551(13).

87. This Court is empowered by 28 U.S.C. § 2201 to declare the rights of Plaintiff regarding the issues presented in this Complaint.

88. USDA is required to comply with the FAD, which ordered relief by June 7, 2020.

89. To date, USDA has not complied with that order.

90. USDA's failure to comply with the FAD's order constitutes agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or short of statutory right; or without observance of procedure required by law.

91. Ms. Clark is entitled to an order holding unlawful and setting aside USDA's agency inaction and requiring it to comply.

92. USDA's erroneous analysis regarding Ms. Clark's entitlement to attorney fees and costs in the Second FAD constitutes an agency action, finding, or conclusion that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; or short of statutory right; or unsupported by substantial evidence; or unwarranted by the facts.

93. Ms. Clark is entitled to an order holding unlawful and setting aside USDA's erroneous action, findings, and conclusions with respect to Ms. Clark's entitlement to attorneys' fees and

costs, and awarding Ms. Clark the full amount of reasonable attorneys' fees and costs to which she is entitled.

94. Ms. Clark is entitled to a declaration that USDA's failure to comply with the FAD's order and its failure to award her the attorneys' fees and costs to which she is entitled were unlawful.

**COUNT III: Violations of Section 508 of the Rehabilitation Act, 29 U.S.C. § 794d: Failure to Ensure that ICT Allows Comparable Use and Access for Persons with Disabilities**
**(for Injunctive and Declaratory Relief)**

95. Plaintiff incorporates by reference all the allegations of facts maintained in the previous paragraphs.

96. USDA has failed to ensure that the information technology it develops, procures, maintains, or uses allows individuals with disabilities who are Federal employees to have access to and use of information and data that is comparable to the access to and use of the information and data by Federal employees who are not individuals with disabilities, in violation of 29 U.S.C. 794d(a)(1)(A)(i).

97. Because the harm to individuals with disabilities who are Federal employees, including Ms. Clark, is ongoing, USDA's violation of 29 U.S.C. § 794d is ongoing.

98. The accessibility standards and requirements under Section 508 are long-standing, well established by regulation, and well-known to USDA, rendering the policies and conduct complained of either intentional or deliberately indifferent.

99. As a result of these actions, USDA has deprived Ms. Clark of the experiences and knowledge afforded to sighted USDA employees.

100. As a result of USDA's conduct, Ms. Clark has suffered and will continue to suffer discrimination because of her disability.

101. Section 508 provides the rights and remedies available under Section 504 of the Rehabilitation Act. 29 U.S.C. § 794d(f)(3).

102. Ms. Clark is entitled to a declaration that USDA continues to be in violation of Section 508.

103. Ms. Clark is entitled to an order to bring USDA into compliance with Section 508.

104. Ms. Clark is entitled to her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff Michelle Clark respectfully requests relief from this honorable Court as set forth below.

## RELIEF REQUESTED

Plaintiff prays for judgment as follows:

a) Enter a judgment in her favor, and against Defendants;

b) Declare that Defendants unlawfully withheld and unreasonably delayed the investigation of Ms. Clark's administrative complaint, in violation of the Administrative Procedure Act;

c) Declare that Defendants' unlawfully withheld and unreasonably delayed the relief ordered by the FAD, in violation of the Administrative Procedure Act;

d) Declare that Defendants' failure to comply with the FAD's order and their failure to award Ms. Clark the attorneys' fees and costs to which she is entitled were unlawful, in violation of the Administrative Procedure Act;

e) Declare that Defendant USDA is in violation of Section 508 of the Rehabilitation Act.

f) Permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, to apply the complaint procedures established in 7 C.F.R. §§ 15d.5 and 15e.170 to complaints alleging violations of Section 508;

g) Permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with them, from violating Section 508 through the behavior described herein;

h) Order Defendants to implement the relief ordered in the FAD and in Ms. Clark's Relief Request;

i) Award Plaintiff her reasonable fees, costs, and expenses, including attorneys' fees, pursuant to 29 U.S.C. § 794a(b), as incorporated by 29 U.S.C. § 794d(f)(3), and 28 U.S.C. § 2412; and

j) Order such other and further relief that this Court may deem just and proper.

DATED: November 6, 2020										Respectfully submitted,

*/s/ Albert Elia*
Albert Elia (aelia@trelegal.com)
D.C. Bar No. 1032028

TRE Legal Practice
1155 Market Street, Tenth Floor
San Francisco, CA 94103
(415) 873-9199

*Attorneys for Plaintiff Michelle Clark*