UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE CLARK,<br><br>          Plaintiff,<br><br>      v.<br><br>SONNY PERDUE, Secretary of Agriculture in his official capacity, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)    Civil Action No. 19-394 (JEB)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO AMENDED COMPLAINT

Defendants hereby answer Plaintiff's amended complaint, ECF No. 26, as follows:

1. This paragraph consists of Plaintiff's characterization of this action and a final agency decision, to which no response is required. The final agency decision speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the final agency decision for a complete and accurate statement of its contents. To the extent a further response is required, denied.

2. This paragraph consists of Plaintiff's characterization of a cited statute and its associated legislative history, to which no response is required. The statute and associated legislative history speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited statute and associated legislative history for a complete and accurate statement of their contents.

3. Defendants admit that on or about January 8, 2015, Plaintiff filed with the United States Department of Agriculture ("USDA") an administrative complaint alleging violations of Section 508. The remainder of this paragraph consists of Plaintiff's legal conclusions and characterization of the USDA's letters, to which no response is required. The USDA's letters

speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to those letters for a complete and accurate statement of their contents.

4. This paragraph consists of Plaintiff's characterization of this action and the USDA's response to this action, to which no response is required. To the extent a response is required, Defendants admit that the USDA moved for a voluntary remand and to stay this case. ECF No. 8.

5. This paragraph consists of Plaintiff's conclusions of law, to which no response is required.

6. The first sentence of this paragraph consists of Plaintiff's conclusions of law, to which no response is required. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

7. This paragraph consists of Plaintiff's requests for relief, to which no response is required.

## PARTIES

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit the USDA is a United States federal executive agency and its headquarters is in Washington, D.C.

13. Admit Sonny Perdue is the current U.S. Secretary of Agriculture. The remainder of this paragraph provides Plaintiff's characterization of this action, to which no response is required.

14. This paragraph consists of Plaintiff's characterization of the duties of the Secretary of Agriculture, to which no response is required.

15. Admit Devon Westhill is the USDA's Deputy Assistant Secretary for Civil Rights. The remainder of this paragraph provides Plaintiff's characterization of this action, to which no response is required.

16. This paragraph consists of Plaintiff's characterization of the duties of the Deputy Assistant Secretary for Civil Rights, to which no response is required.

17. Admit Gary Washington is the USDA's Chief Information Officer. The remainder of this paragraph provides Plaintiff's characterization of this action, to which no response is required.

18. This paragraph consists of Plaintiff's characterization of the duties of the Chief Information Officer, to which no response is required.

## JURISDICTION AND VENUE

19-21. Defendants admit the USDA's headquarters is located in Washington, D.C. The remainder of these paragraphs consist of Plaintiff's characterization of this action and conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that the Court has subject matter jurisdiction over some of the alleged claims and that this judicial district is a proper venue for this action.

## BACKGROUND AND FACTS

### Administrative Procedures to Remedy Section 508 Violations

22-27. These paragraphs consist of Plaintiff's characterization of certain statutes and regulations, to which no response is required. The cited statutes and regulations speak for

themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the cited statutes and regulations for a complete and accurate statement of their contents.

### Plaintiff's Experience

28. Admit that Plaintiff filed on or about January 8, 2015, a complaint alleging the USDA's violations of Section 508.  The remainder of this paragraph consists Plaintiff's characterization of that complaint, to which no response is required.  The complaint speaks for itself and is the best evidence of its contents.

29. Denied.

30-34. These paragraphs consist of Plaintiff's characterization of certain letters, to which no response is required.  The referenced letters speak for themselves and are the best evidence of their contents.  Defendants respectfully refer the Court to the referenced letters for a complete and accurate statement of their contents.

35. This paragraph consists of Plaintiff's interpretation of the USDA's letters, to which no response is required.

36. Admit that Plaintiff filed this federal action on February 14, 2019.  The remainder of this paragraph consists of Plaintiff's characterization of her complaint, ECF No. 1, to which no response is required.  Plaintiff's original complaint speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to Plaintiff's original complaint for a complete and accurate statement of its contents.

37. Admit that on June 13, 2019, the Court remanded this matter to the USDA and stayed this federal action during the pendency of the remand. ECF No. 13, Order dated June 13, 2019.  Defendants deny the remainder of the allegations in this paragraph, which are inconsistent with the June 13, 2019, Order.

38.     Admit.

39-47.  These paragraphs consist of Plaintiff's characterization of the December 10, 2019, final agency decision ("First FAD").  The First FAD speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the First FAD for a complete and accurate statement of its contents.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49-50.  Defendants admit that on or about January 15, 2020, Plaintiff made a submission to the USDA.  The remainder of these paragraphs contain Plaintiff's characterization of her January 15, 2020, submission, to which no response is required.  Plaintiff's January 15, 2020, submission speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to that submission for a complete and accurate statement of its contents.

51.     This paragraph purports to contain Plaintiff's characterization of information on page 3 of the January 29, 2020, joint status report, ECF No. 21, to which no response is required.  That joint status report speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to the January 29, 2020, joint status report for a complete and accurate statement of its contents.

52-59.  Defendants admit that on or about February 10, 2020, Plaintiff made an additional submission to the USDA.  The remainder of these paragraphs contain Plaintiff's characterization of that submission, to which no response is required.  Plaintiff's February 10, 2020, submission speaks for itself and is the best evidence of its contents.  Defendants respectfully refer the Court to Plaintiff's February 10, 2020, submission for a complete and accurate statement of its contents.

60. Defendants admit that the USDA sent an email to Plaintiff's counsel on or about February 27, 2020. The remainder of this paragraph contains Plaintiff's characterization of that email, to which no response is required. That email speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to that email for a complete and accurate statement of its contents.

61. Admit.

62-63. Defendants admit that on or about October 7, 2020, the USDA issued a final agency decision on Plaintiff's request for attorneys' fees and equitable relief (the "Second FAD"). The remainder of these paragraphs contain Plaintiff's characterization of the Second FAD, to which no response is required. The Second FAD speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the Second FAD for a complete and accurate statement of its contents.

64. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

66-67. These paragraphs consist of Plaintiff's characterization of the Second FAD, to which no response is required. The Second FAD speaks for itself and is the best evidence of its contents. Defendants respectfully refer the Court to the Second FAD for a complete and accurate statement of its contents.

68. This paragraph consists of Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, denied.

## ALLEGED CAUSES OF ACTION

### ALLEGED COUNT I

69. Defendants repeat and restate each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

70-75. These paragraphs consist of Plaintiff's characterization of certain statutes and regulations and conclusions of law, to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited statutes and regulations for a complete and accurate statement of their contents. To the extent a response is required to Plaintiff's conclusions of law, denied.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

77-79. These paragraphs consist of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, denied.

### ALLEGED COUNT II

75. Defendants repeat and restate each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

81-88. These paragraphs consist of Plaintiff's characterization of certain statutes and regulations and conclusions of law, to which no response is required. The cited statutes and regulations speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited statutes and regulations for a complete and accurate statement of their contents. To the extent a response is required to Plaintiff's conclusions of law, denied.

89. Defendants currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90-94. These paragraphs consist of Plaintiff's conclusions of law and requests for relief, to which no response is required. To the extent a response is required, denied.

## ALLEGED COUNT III

95. Defendants repeat and restate each and every response heretofore made with the same force and effect as if the same were set forth fully herein.

96-104. These paragraphs consist of Plaintiff's characterization of certain statutes, conclusions of law and requests for relief, to which no response is required. The cited statutes speak for themselves and are the best evidence of their contents. Defendants respectfully refer the Court to the cited statutes for a complete and accurate statement of their contents. To the extent a response is required to Plaintiff's conclusions of law and/or requests for relief, denied.

## RELIEF REQUESTED

The remaining paragraphs of the Complaint consist of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

* * *

Defendants deny each and every allegation in the Complaint not expressly answered or qualified above.

## AFFIRMATIVE DEFENSE

Defendants reserve their right to amend, alter and supplement the affirmative defense contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.

Case 1:19-cv-00394-JEB   Document 27   Filed 11/19/20   Page 9 of 9

The Court may lack subject matter jurisdiction over Count III of the Complaint or, alternatively, Count III of the Complaint may fail to state a claim.

Dated:  November 19, 2020

    Respectfully submitted,

    MICHAEL R. SHERWIN
    Acting United States Attorney

    DANIEL F. VAN HORN, D.C. Bar # 924092
    Chief, Civil Division

    By: /s/ Marsha W. Yee
    MARSHA W. YEE
    Assistant United States Attorney
    Civil Division
    United States Attorney's Office
    555 4th Street, N.W.
    Washington, D.C. 20530
    Telephone:  (202) 252-2539
    Email:  Marsha.Yee@usdoj.gov

    *Counsel for Defendants*